MANUEL GONZÁLEZ, como padre con patria potestad y a nombre de sus menores hijas nombradas CARMEN ELENA y DELIA GONZÁLEZ, demandante y apelante, *v.* PORTO RICO RAILWAY LIGHT & POWER Co., demandada y apelada.

No. 3387.—*Visto:* Marzo 4, 1925. *Resuelto:* Julio 24, 1925.

1. EVIDENCIA—PRESUNCIONES—''RES IPSA LOQUITUR''—REFUTACIÓN *(Rebuttal).*— La doctrina de *res ipsa loquitur* sólo establece una presunción que el demandado tiene derecho a rebatir.

2. NEGLIGENCIA—ACCIONES—DERECHO DE ACCIÓN, PARTES, PROCEDIMIENTOS Y ALEGACIONES—DEMANDA—ACCIÓN FUNDADA EN LA EXISTENCIA DE UN PELIGRO ATRAYENTE.—Una demanda por daños debido a negligencia fundada en la existencia de un peligro atrayente *(attractive nuisance)* debe demostrar que el demandante se funda en tal doctrina.

3. NEGLIGENCIA—ACCIONES—EVIDENCIA—ACTOS QUE EXONERAN DE RESPONSABILIDAD.—En una acción de daños y perjuicios, cuando aparece que el demandado suministra protección, cercas y vallas razonablemente suficientes para impedir la entrada de niños transgresores, él tiene derecho a ser exonerado de responsabilidad.

SENTENCIA de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando sin lugar la demanda, con costas. *Confirmada.*

*Campillo & Campillo,* abogados del apelante; *J. H. Brown,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La corte inferior tenía derecho a creer en vista de la prueba en este caso, que la demandada era la dueña de una ''machina'' de caballitos para niños; que ocurrió allí un accidente y el demandante fué lesionado; que el accidente ocurrió después de las seis de la tarde cuando la ''machina''

había terminado el trabajo del día; y que al tener lugar el accidente estaba protegida por una cerca de cinco o seis pies de altura, la cual generalmente impediría la entrada de los niños; que la única explicación de la presencia de los niños era porque ellos se subían por la cerca. No hubo prueba alguna tendente a acreditar que cualquier otro niño alguna vez se encaramara por la cerca o que a la demandada de algún modo se le hiciera saber que los niños subirían por la cerca. En estas circunstancias la corte estuvo justificada al absolver a la demandada.

El apelante, en un alegato sin señalamientos de error, hace referencia a la doctrina de *res ipsa loquitur.* La doctrina, sin embargo, de ser aplicable, sólo establece una presunción que la demandada tiene derecho a rebatir. Así lo hizo, demostrando la altura de la cerca y las puertas de entrada, estar cerrada la "machina," y además por el hecho de que el accidente ocurrió debido a la intervención activa de los niños. En otras palabras, la corte inferior pudo saber cómo fué que el accidente ocurrió y que no se debió a la negligencia de la demandada.

En cuanto a la aplicación de la doctrina de un peligro atrayente, semejantes consideraciones son aplicables. La demanda por lo general debe demostrar que el demandante se fundó en tal doctrina. Thompson on Negligence, Supplement, sec. 7582. El construir una cerca tan alta que ningún niño podía subir por ella, o poner otras defensas alrededor de una machina de caballitos es un deber que la ley por lo general no lo exige. El demandante no quedó comprendido dentro de ninguna excepción conocida de nosotros. Si aparece que la demandada suministra protecciones, cercas y vallas que son razonablemente suficientes para impedir la entrada a los niños transgresores, ella tiene derecho a ser exonerada de responsabilidad. 20 R. C. L. 88, sec. 78.

*Debe confirmarse la sentencia.*